IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **BRENDA WILLIAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 2:21-cv-295 |
| | ) | |
| **SAM'S EAST, INC., et al.,** | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

**COMES NOW SAM'S EAST, INC. (hereinafter "SAM'S")**, the Defendant in the above-styled cause, and pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of its removal of this action to the United States District Court for the Middle District of Alabama, Northern Division. As grounds therefor, Sam's states as follows:

1. Upon information and belief, the Plaintiff is a resident citizen of the State of Alabama and was a resident citizen of the State of Alabama at the time of this Notice of Removal.

2. Defendant Sam's East, Inc. is a Delaware corporation with its principal place of business at all pertinent times in the State of Arkansas. Sam's was, at the time of the incident and at the time of this removal, a citizen of the

1

States of Delaware and Arkansas. Sam's East, Inc. has never been a citizen of the State of Alabama.

3.  Pursuant to 28 U.S.C. § 1446(b)(3), this action is removed within thirty days after the receipt by Sam's of "other paper" from which Sam's could first ascertain that the case has become removable.

4.  This action is a matter of which the United States District Court has jurisdiction in that the controversy is wholly between citizens of different states. Jurisdiction is based upon complete diversity of citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, in compliance with 28 U.S.C. § 1332.

5.  Plaintiff Brenda Williams filed suit against Sam's on October 9, 2020 in the Circuit Court of Montgomery County, Alabama alleging negligence and/or wantonness in connection with a slip and fall that occurred on October 14, 2018. Doc. 1, Plaintiff's Complaint. The Plaintiff contends that she was caused to slip and fall on a liquid substance. Doc. 1, Plaintiff's Complaint, ¶ 11. She contends she was caused to suffer neck, right elbow, lower back pain, she has undergone cervical surgery and claims her capacity to enjoy life and to participate in social and physical activites has been reduced and "may be permanently reduced." Doc. 1, Plaintiff's Complaint, ¶¶ 14-15.

6.  In the instant action, it cannot be disputed that this case is between

citizens of different states. With respect to the amount in controversy, courts apply a preponderance of the evidence standard to the amount in controversy analysis when the complaint fails to specify the damages award sought in state court. See, Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010); Lowery v. Ala. Power Co., 483 F.3d 1184 (11th Cir. 2007). The "court[] may use [its] judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061-62 (11th Cir. 2010).

7. Here, the Plaintiff did not specify the amount of damages she seeks in her complaint in state court. Therefore, under well-settled circuit precedent, Sam's must prove by a preponderance of evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.00. Roe, 613 F.3d at 1061; see Lowery, 483 F.3d at 1210. Sam's may satisfy its burden by submitting additional evidence to demonstrate that the jurisdictional minimum is met. See Roe, 613 F.3d at 1061; Pretka, 608 F.3d at 754-56.

8. Sam's served requests for admission on the Plaintiff to which the Plaintiff responded on March 24, 2021. The Plaintiff admitted each of the following:

> 1. That the amount in controversy in this case exceeds $75,000, exclusive of interest and cost.

3

2. You are seeking an award of more than $75,000 to satisfy all claims alleged in your Complaint.

3. You are seeking more than $75,000 in damages for the claims alleged in your Complaint.

4. You will accept more than $75,000 in total compensatory and punitive damages should liability be established against the Defendant; and damages are awarded to you.

5. There is evidence which supports an award of damages in this case exceeding $75,000, including compensatory and punitive damages for all of your claims.

6. The proper measure of damages, if any, exceeds $75,000 inclusive of all claims for compensatory and punitive damages.

7. You and/or your attorneys will ask a jury to return a verdict for more than $75,000 in the event of a trial of this case.

A true and correct copy of Plaintiff's response to Sam's second requests for admissions is attached hereto as Ex. 1.

9. On March 24, 2021, the Plaintiff additionally answered Sam's interrogatories. Interrogatory No. 6 requests that the Plaintiff list and/or itemize all damages being claimed as a result of the incident made the basis of the complaint. The Plaintiff's medical bills to date are in excess of $178,000. A true and correct copy of Plaintiff's response to Sam's interrogatories is attached hereto as Ex. 2.

10. The Plaintiff's response to the Defendant's requests for admissions and interrogatories constitute "other paper" for purposes of removal as provided in 28 U.S.C. § 1446(b)(3). See Lowery v. Ala. Power Co., 483 F.3d 1184, 1212, n.62

(11th Cir. 2007), citing Wilson v. Gen. Motors Corp., 888 F.2d 779, 780 (11th Cir. 1989)(responses to requests for admissions) and Akin v. Ashland Chem Co., 156 F.3d 1030, 1036 (10th Cir. 1998)(interrogatory responses).

11. Pursuant to 28 U.S.C. § 1446(b)(3), Sam's "first ascertained that the case" had become removable on receipt of the Plaintiff's response to the requests for admissions and response to interrogatories.

12. Pursuant to 28 U.S.C. § 1446(a), Sam's gives notice of filing "all process, pleadings, and orders served upon [it] in [this] action." All documents served on Sam's as of the date of filing this Notice of Removal are attached hereto as Ex. 3.

**WHEREFORE, PREMISES CONSIDERED,** Sam's East, Inc. requests this Court to assume full jurisdiction over the cause herein as provided by law.

This the 20th day of April, 2021.

/s/ Marda W. Sydnor

**MARDA W. SYDNOR**
**MARGARET H. CLANTON**
Attorneys for Defendant
Sams' East, Inc.

**OF COUNSEL:**
**PARSONS, LEE & JULIANO, P.C.**
600 Vestavia Parkway, Suite 300
Birmingham, Alabama 35216
Telephone: (205) 326-6600
Facsimile: (205) 326-6600
msydnor@pljpc.com
mclanton@pljpc.com

5

**CERTIFICATE OF SERVICE**

 I hereby certify that I have on this 20th day of April, 2021 electronically filed the foregoing motion with the Clerk of the Court using the ECM/EF electronic filing system which will send notification of such filing to the following:

Mr. Steven P. Floyd (also via email)
FLOYD, HUNTER & WHITE, P.C.
Post Office Drawer 1227
Millbrook, Alabama 36054
sfloyd@floydhunter.com

_____
OF COUNSEL