IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRENDA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-295-WKW |
| | ) | [WO] |
| SAM'S EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Sam's East, Inc., removed this slip-and-fall case based upon diversity-of-citizenship jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Plaintiff Brenda Williams moved to remand pursuant to 28 U.S.C. § 1447(c), arguing that Defendant had untimely removed. (Doc. # 9.) Defendant responded in opposition. (Doc. # 10.) For the reasons to follow, the motion to remand is due to be denied.

To begin, it is helpful to set out what is not in contention. First, the Notice of Removal delineates the citizenship of the parties, establishing that they are citizens of different states. Second, the "case stated by the initial pleading," which demanded unspecified compensatory and punitive damages on claims of negligence and wantonness, was "not removable." 28 U.S.C. § 1446(b)(3). Third, the amount in controversy exceeds $75,000. The sole issue is the timeliness of the removal under § 1446(b)(3).

Section 1446(b)(3) provides in pertinent part:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of . . . other paper from which it may first be ascertained that the case is one which is or has become removable.

§ 1446(b)(3).  Defendant removed this case on April 20, 2021, within thirty days of its receipt of Plaintiff's responses to its first interrogatories.  Defendant argues that Plaintiff's sixth interrogatory response itemizing more than $75,00 in damages (Doc. # 1-3, at 8) constitutes "other paper" from which Defendant "first ascertained" that the amount in controversy exceeds the jurisdictional requirement for removal. § 1446(b)(3).  Plaintiff contends that the removal is untimely "because Defendant should have 'first ascertained' that the action was removable based on [her earlier] Responses to Defendant's First Set of Request[s] for Admissions," filed on February 22, 2021.  (Doc. # 9, at 2 (citing § 1446(b)(3).)

The question is which "other paper"—Plaintiff's responses to Defendant's first set of requests for admissions (Doc. # 9-4) or Plaintiff's responses to Defendant's first interrogatories (Doc. # 1-3, at 8)—is the paper from which Defendant could have "first ascertained" that this case was removable.[1]

---

[1] Both discovery responses qualify as "other paper."  *See* § 1446(b)(3)(A) (providing that "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)").

2

§ 1446(b)(3).  The "other paper" must "unambiguously establish" the amount in controversy.  *See Allen v. Thomas*, No. 3:10-CV-742-WKW, 2011 WL 197964, at *5 (M.D. Ala. Jan. 20, 2011) (Watkins, C.J.) (explaining why the unpopular "unambiguously establish" standard governs removal under § 1446(b)'s second paragraph [now § 1446(b)(3)] (citation omitted)); *see also Foster v. Davis*, No. 2:19-CV-575-ECM, 2020 WL 411365, at *3 (M.D. Ala. Jan. 24, 2020) (applying the "unambiguously establish" standard to decide whether the plaintiff's responses to the defendants' request for admissions established federal removal jurisdiction).

First at bat is Plaintiff's responses to Defendant's first set of requests for admissions.  Plaintiff denied that she "d[id] not claim in excess of $75,000 as total damages," denied that she "[d]id not intend to claim over $75,000 as total damages," denied that she "[w]ould not seek over $75,000 as total damages," denied that she "waive[d] any amount of damages . . . in excess of $75,000," and denied that she "w[ould] not accept any award of damages over $75,000."  (Doc. # 9-4.)

The parties cite no binding precedent that speaks directly to the effectiveness of these sorts of denials in establishing federal removal jurisdiction.  District courts in this circuit have found that similarly worded denials of negatively worded requests for admissions "do[] not equal an affirmative assertion or response that more than $75,000 is sought."  *Griffith v. Sam's W., Inc.*, No. 2:16-CV-01348-RDP, 2016 WL 5407956, at *3 (N.D. Ala. Sept. 28, 2016) (citation and internal quotation marks

3

omitted); *see also Simpson v. Primerica Life Ins. Co.*, No. 2:16-CV-701-MHT-GMB, 2017 WL 2857699, at *3 n.4 (M.D. Ala. May 22, 2017) ("Plaintiffs' denial that the amount in controversy does not exceed $75,000 is not tantamount to an admission that it does."), *report and recommendation adopted*, No. 2:16CV701-MHT, 2017 WL 2838078 (M.D. Ala. June 30, 2017); *Charleston v. Horsley*, No. CA 2:12-00183-KD-C, 2012 WL 3726760, at *1, *6 (S.D. Ala. Aug. 8, 2012) (Plaintiff's denials to requests for admissions as to damages—including a request that the plaintiff "[a]dmit that [she] is not seeking in excess of $75,000," *id.* at *1— did not constitute "other paper" . . . that "provide[d] the clear and unambiguous statement required to establish subject matter jurisdiction . . . ," *id.* at *6.).  The reasoning of these decisions is persuasive.

Plaintiff's responses to Defendant's first set of requests for admissions created a double negative:  Plaintiff did not admit that she was not seeking more than $75,000.  Such denials are insufficient on this record to "unambiguously establish" federal removal jurisdiction.  These admissions "do not provide the clear and unambiguous statement required to establish subject matter jurisdiction."  *Griffith*, 2016 WL 5407956, at *3.

Accordingly, Plaintiff's argument that the case was removable on February 22, 2021, strikes out.  Defendant's receipt of Plaintiff's responses to its requests for admissions did not trigger the thirty-day period for removal.

Second at bat is Plaintiff's response to Defendant's sixth interrogatory. It scores the removal run. This "other paper" incontrovertibly puts the amount in controversy well above $75,000. Plaintiff's sixth interrogatory response constitutes the "other paper" from which Defendant could first ascertain that this case was removable. § 1446(b)(3). Because Defendant timely removed this action within thirty days of its having received Plaintiff's responses to its first interrogatories, removal was timely.

Based on the foregoing, it is ORDERED that Plaintiff's motion to remand (Doc. # 9) is DENIED.

DONE this 2nd day of June, 2021.

_____
/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE